IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**LONNIE SMITH, JR., Individually and on**                                      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                    No. 2:20-cv-2158-PKH

**SIMMONS PREPARED FOODS, INC.**                                              **DEFENDANT**

### RESPONSE TO ORDER TO SHOW CAUSE, ECF NO. 36

COMES NOW Lonnie Smith ("Smith"), through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Response to Order to Show Cause, ECF No. 36, he does hereby state and allege as follows:

1. This Court issued an Order on July 24 denying the Parties' Motion for Approval of FLSA Settlement and for Dismissal of Lawsuit, citing "collusion" between counsel for the Parties and inadequate justification for the inclusion of non-monetary terms.

2. The Order further directed the Parties to show cause as to why summary judgment should not be entered in Smith's favor in the amount of $1.00 in unpaid wages and $1.00 in liquidated damages. *See* ECF No. 36.

3. Summary judgment should not be granted in favor of Smith for the amount of $2.00 because doing so would greatly diminish the agreed outcome for Plaintiff, needlessly frustrating both the purposes of the FLSA and the settlement reached between the Parties, which settlement is a reasonable compromise of a bona fide dispute, and the result not of collusion, but of strategic and careful negotiation on both sides of the case.

Page 1 of 5
Lonnie Smith, Jr., et al. v. Simmons Prepared Foods, Inc.
U.S.D.C. (W.D. Ark.) No. 2:20-cv-2158-PKH
Response to Order to Show Cause, ECF No. 36

4. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982). "The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Sims v. Goodwill Industries of Arkansas, Inc.*, 4:19-CV-289-KGB, 2019 WL 5957177, at *2 (E.D. Ark. Nov. 12, 2019)(*citing Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 134 (D.D.C. 2014)(*favorably quoted by Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019)).

5. The Court found in its August 24 Order that Plaintiff's personal communication with Chambers and the fact that Plaintiff had at one time previously expressed an intent to withdraw from his representation through Plaintiff's counsel indicated some form of collusion between the counsel for the Parties.

6. There was no collusion between the Parties. No facts or evidence in the record demonstrate or even suggest collusion between the Parties or between counsel for the Parties. Instead, Plaintiff's unusual communication to the Court suggests that an agreed, non-trial outcome for Plaintiff would be in Plaintiff's best interests.

7. The record indicates that Plaintiff's communications both with counsel and with the Court have been at times inconsistent and difficult to comprehend. Without divulging any privileged attorney-client communications, Plaintiff's counsel can state that, at all times, Plaintiff was free to terminate his representation, to dismiss the case without prejudice, or to reject any settlement offer that Plaintiff's counsel was able to obtain on

Page 2 of 5
Lonnie Smith, Jr., et al. v. Simmons Prepared Foods, Inc.
U.S.D.C. (W.D. Ark.) No. 2:20-cv-2158-PKH
Response to Order to Show Cause, ECF No. 36

his behalf. All of these options were explained in great detail to Plaintiff and he was free to choose the manner in which his case proceeded. He chose to settle his case. The Court should not interfere with Plaintiff's right to resolve his case as he sees fit.

8. Plaintiff's counsel mailed Plaintiff a physical copy of the settlement agreement, drove a physical copy to Fort Smith from Little Rock in an attempt to meet with Plaintiff and discuss the settlement, and sent Plaintiff electronic copies of the settlement agreement. Plaintiff's counsel then worked with Plaintiff over the phone to ensure that he understood all of the terms of the settlement to their fullest extent. Plaintiff's written entry into the agreement to settle was notarized and with full knowledge and intent, absent any collusion or coercion.

9. The settlement that the Court has rejected would have obtained for Plaintiff an outcome that is, as the Court has noted, *exceedingly favorable* to Plaintiff; it was bargained for by both Parties. Having calculated Smith's projected recovery to be low, Plaintiff's counsel used the inclusion of non-monetary terms to achieve exactly what was desired by Smith: a higher recovery.

10. Plaintiff's counsel evaluated any potential claims which would be released by a general release and accordingly advised Plaintiff of the effect of such a release on any of those potential claims. Plaintiff then knowingly accepted the release language.

11. The Court's unilateral lowering of Plaintiff's agreed recovery from $2,500.00 to an unagreed $2.00 is not warranted by any provision of the FLSA, nor by any policy consideration; in thus binding Plaintiff to a recovery and release that neither he nor Defendant sought, the Court would create an unfair and unreasonable outcome for Mr. Smith.

Page 3 of 5
Lonnie Smith, Jr., et al. v. Simmons Prepared Foods, Inc.
U.S.D.C. (W.D. Ark.) No. 2:20-cv-2158-PKH
Response to Order to Show Cause, ECF No. 36

12. Assuming that Court review of an FLSA settlement is required, which is not the law in this Circuit, that review must be limited to ensuring that the settlement reached is *adequate* to Plaintiff. Such review can never extend to reducing the money that Plaintiff would receive under the settlement.

13. If the Court believes that a general release can never be fair and reasonable in the context of a wage lawsuit, a position which Plaintiff does not take, then it should allow the Parties to amend the settlement agreement to accord with the Court's position regarding the scope of the release. While the facts surrounding the damages that the Parties have presented to the Court in their Motion for Approval suggest a low amount of damages, those facts remain in dispute and are not so ironclad as to make *sua sponte* summary judgment more appropriate than further negotiations and amendment.

14. Plaintiff believes he has hereby shown good cause as to why this Court should not enter summary judgment and dismiss the case. (However, should the Court require more specific information in order to make its determination, then Plaintiff's counsel will try to work with Plaintiff to provide it.) Plaintiff would like the Court to enter an order approving the settlement as the Parties agreed, as quickly as possible, and the case to be then dismissed. Plaintiff bargained for a payment of $2,500.00, and he does not believe that the Court should reduce his recovery to $2.00.

Page 4 of 5
Lonnie Smith, Jr., et al. v. Simmons Prepared Foods, Inc.
U.S.D.C. (W.D. Ark.) No. 2:20-cv-2158-PKH
Response to Order to Show Cause, ECF No. 36

Respectfully submitted,

**PLAINTIFF LONNIE SMITH, JR.**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 5 of 5**
**Lonnie Smith, Jr., et al. v. Simmons Prepared Foods, Inc.**
**U.S.D.C. (W.D. Ark.) No. 2:20-cv-2158-PKH**
**Response to Order to Show Cause, ECF No. 36**