UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LONNIE SMITH, JR., individually and
on behalf of all others similarly situated                                           PLAINTIFF

v.                                      No. 2:20-CV-02158

SIMMONS PREPARED FOODS, INC.                                                         DEFENDANT

**OPINION AND ORDER**

    This is a Fair Labor Standards Act (FLSA) and Arkansas Minimum Wage Act (AMWA) case in which Plaintiff seeks unpaid overtime. No collective action has been certified. On August 24, 2021, the Court denied a motion to approve a settlement agreement and dismiss this case.[1] Because the record then before the Court demonstrated that the settlement agreement was the product of collusion, and because the briefing in support of the settlement agreement demonstrated that FLSA coverage, if it extended to Plaintiff in this case, would entitle him to damages of $1.00, the Court instead ordered the parties to show cause why summary judgment should not be entered in Plaintiff's favor in the amount of $1.00 in damages and $1.00 in liquidated damages. Plaintiff's counsel[2] filed a response in opposition to summary judgment. Defendant filed nothing.

    The opposition to summary judgment fails to demonstrate that Defendant has any actual argument, legal or factual, that FLSA coverage does not extend to Plaintiff. Nor does the opposition demonstrate any factual dispute that Plaintiff was underpaid by $1.00. The opposition

---

    [1] Judicial approval of FLSA settlements prior to dismissal is unnecessary, but because a settlement agreement compromising liquidated damages or the legal issue of FLSA coverage may be set aside if it does not have judicial approval, parties to an FLSA action may request prior approval. *See Bogart v. Biggs*, No. 2:20-CV-02033, Doc. 32 (W.D. Ark. Oct. 21, 2021); *Martinez v. Bost, Inc.*, No. 2:14-CV-02090, 2017 WL 6008048 (W.D. Ark. Mar. 7, 2017).
    [2] Plaintiff himself subsequently filed two more notices (Docs. 40 and 41) to the Court communicating his dissatisfaction with the settlement agreement and with his attorneys' failure to keep him informed about the status and scheduling of this case.

instead argues that summary judgment would frustrate the FLSA's purpose by denying Plaintiff an outcome exceedingly favorable to him.  Whether or not an outcome is favorable to Plaintiff is immaterial where the parties attempt to compromise a legal dispute over FLSA coverage.  *Accord D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946) ("It is realized that this conclusion puts the employer and his employees to an 'all or nothing gamble,' as Judge Chase phrased the result in his dissent below (150 F.2d 698).  Theoretically this means each party gets his just deserts, no more, no less.").  Because the settlement documents the Court reviewed and the opposition to summary judgment fail to demonstrate that the legal dispute over FLSA coverage is bona fide, there is no reason the Court should approve a settlement, rather than granting summary judgment to Plaintiff on the legal issue.

The record supports a finding that Defendant failed to compensate Plaintiff an appropriate amount of wages and overtime under the FLSA and AMWA, and summary judgment in Plaintiff's favor is appropriate.  Because the Court is granting summary judgment on the merits of this case rather than reviewing the settlement agreement to determine whether to approve it, the Court need not address the denials of collusion in the settlement process.

IT IS THEREFORE ORDERED that Plaintiff Lonnie Smith, Jr., should have judgment from Defendant Simmons Prepared Foods, Inc., in the amount of $2.00, comprising $1.00 in unpaid wages and overtime and $1.00 in liquidated damages.  Judgment will be entered separately.

IT IS SO ORDERED this 21st day of October, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE