UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LONNIE SMITH, JR., individually and
on behalf of all others similarly situated                                      PLAINTIFF

v.                                      No. 2:20-CV-02158

SIMMONS PREPARED FOODS, INC.                                      DEFENDANT

## OPINION AND ORDER

This is a Fair Labor Standards Act (FLSA) case in which the Court entered summary judgment (Docs. 42 and 43) for Plaintiff on August 24, 2021, following an order (Doc. 36) denying a motion to approve a settlement agreement and directing the parties to show cause why judgment should not be entered. Title 29 U.S.C. § 216(b) provides that in an FLSA case, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Plaintiff Lonnie Smith, Jr. filed a motion (Doc. 44) for attorney's fees and costs and a brief (Doc. 45) in support. Defendant Simmons Prepared Foods, Inc. filed a response (Doc. 46) in opposition. Plaintiff moved (Doc. 51) for leave to file a reply and attached his proposed reply, which the Court has not considered. Plaintiff requests $13,935.75 in fees and costs. The motion will be granted in part.

As an initial matter, it is undisputed that Plaintiff prevailed in this litigation. Defendant continues to deny liability by footnote (Doc. 46, p. 6), but this denial is without any legal merit. The Court entered an order allowing both parties to show cause why judgment on the merits should not be entered against Defendant. Defendant did not respond or otherwise indicate any opposition to judgment despite the opportunity it was given to do so, implicitly conceding its own liability. The Court then entered judgment against Defendant, which operated as an explicit legal determination of Defendant's liability. Defendant did not file a notice of appeal prior to filing its

1

response and subsequently did not file a timely notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) or (3).  In fact and in law, Defendant has conceded its liability for violating the FLSA.  Defendant cannot now pretend otherwise.

Because Plaintiff prevailed, the Court is directed by statute to allow a reasonable attorney's fee and costs.  In FLSA cases, as in others, determining a reasonable attorney's fee award usually begins with a lodestar calculation.  *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021). This calculation requires the Court to multiply the hours an attorney should reasonably have expended on the case by a reasonable hourly rate.  *Id.* at 856.  However, because the degree of success obtained—usually determined by a comparison of damages sought to damages awarded— is the most critical factor in a fee award calculation, the Court "may skip the lodestar calculation if it instead only 'consider[s] the amount and nature of damages awarded.'"  *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 115 (1992)).

After determining the baseline objectively reasonable fee, whether through a lodestar calculation or a consideration of the degree of success obtained, the Court may adjust the fee to account for other appropriate factors specific to factual circumstances of the case.  These factors include

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).  This list of factors is nonexhaustive, and the Court may consider other factors when making its ultimate fee determination, such as whether counsel engaged in unprofessional conduct.  *Vines*, 9 F.4th at 856.

Here, the degree of success obtained does not justify a substantial fee award.  Plaintiff brought this action for uncompensated overtime pay, alleging Defendant willfully violated the FLSA by failing to count all compensable hours Plaintiff worked and by failing to include nondiscretionary bonuses when calculating the base pay amount upon which Plaintiff's overtime pay was based.  Plaintiff's complaint sought to certify a collective action of over 200 similarly situated employees alleged to have been underpaid in the same way.  The complaint does not include a specific damages demand.  Assuming in Plaintiff's favor that at the time he filed his complaint, he believed he was owed only the $2.00 in damages he actually recovered, and further assuming he also believed that the more than 200 other similarly situated employees were also owed only $2.00 each for underpayment of overtime for a three-year period, at most Plaintiff was awarded only one-half of one percent of the damages sought.  More likely, Plaintiff believed that he and 200+ other similarly situated employees were each owed an amount substantially in excess of what Plaintiff recovered for himself.  In no sense does this degree of success objectively justify the $13,933.75 in attorney's fees Plaintiff now requests.  Plaintiff's victory was on the legal issue of liability.  His damages were nominal.  His complaint sought far more.  This minimal degree of success justifies only a minimal attorney's fee—$2,500.

This amount is substantially less than Plaintiff requests.  However, case-specific factors make it inappropriate to increase this baseline fee.  The record reflects unexplained instances of what might be unprofessional conduct by Plaintiff's attorneys.  Plaintiff fired his attorneys on November 18, 2020 (Doc. 30-1, p. 2), shortly after Defendant filed an answer and the Court entered an initial scheduling order, and Plaintiff complains that his attorneys were signing his name to documents using the electronic signature Plaintiff provided when he hired them.  Instead of ceasing work as directed so that Plaintiff's concerns could be addressed, Plaintiff's attorneys sent a reply

3

email to Plaintiff asking to follow up with him, but then apparently continued working on this case as if nothing had happened.  In March of 2021, Plaintiff's attorneys sent a negotiated settlement agreement to Plaintiff and directed him to sign it before their meeting with him (Doc. 26, p. 4).[1] In April, Plaintiff's attorneys sent Plaintiff an email (Doc. 30-1, p. 9) apologizing for failing to get in touch with him and asking to discuss the matter of dismissing his case with him.

After receiving these and other documents directly from Plaintiff, the Court entered an order (Doc. 30) reiterating Plaintiff's complaints and noting his apparent desire to fire his attorneys.  Plaintiff was directed to show cause why his case should not be dismissed for failure to prosecute.  Without addressing the issues Plaintiff raised in his filings, Plaintiff's attorneys filed a response indicating they had subsequently communicated with Plaintiff and he now agreed to the proposed settlement agreement.  Thereafter, Plaintiff continued to file other complaints about his attorneys' actions with the Court.

In light of the minimal degree of success in this case, only $2,500 in attorney's fees is reasonable.  Even if the conduct of Plaintiff's attorneys is not so egregiously unprofessional to justify a reduction of this amount to zero, it is sufficient to convince the Court that increasing the fee beyond $2,500 is inappropriate.  Plaintiff will also be awarded the filing fee and service fee he requests in costs (Doc. 44-3).

---

[1] The Court is mindful of the realities of litigation and does not expect the plaintiff in a typical wage-and-hour case to have deep involvement in settlement negotiations and drafting agreements.  That attorneys do this work, however, does not empower them to force a negotiated settlement on their client, especially after the client has fired those attorneys.  "A lawyer shall abide by a client's decision whether to settle a matter."  Ark. R. Prof. Cond. 1.2(a); *see also* Ark. R. Prof. Cond. Rule 1.16, Comment [4] ("A client has a right to discharge a lawyer at any time, with or without cause . . . .").  If Plaintiff's attorneys did not cross that ethical line in this case (resolution of this issue is left to the Arkansas Office of the Committee on Professional Conduct), on this record they at least came perilously close to doing so when they directed Plaintiff, who had attempted to fire them, to sign a settlement agreement instead.

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney's fees and costs (Doc. 44) is GRANTED IN PART.  Defendant shall pay Plaintiff $2,500 as a reasonable attorney's fee and an additional $450 representing Plaintiff's costs.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to file a reply (Doc. 51) is DENIED.

IT IS SO ORDERED this 6th day of December, 2021.

/s/ P. K. Holmes, III

P.K. HOLMES, III
U.S. DISTRICT JUDGE